| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>LAW FIRM OF BRIAN W. HOFMEISTER, LLC<br>By: Brian W. Hofmeister, Esq.<br>3131 Princeton Pike<br>Building 5, Suite 110<br>Lawrenceville, New Jersey 08648<br>(609) 890-1500<br>(609) 8980-6961 - facsimile<br>bwh@hofmeisterfirm.com<br>Attorneys for Chapter 7 Trustee | |
| In Re:<br><br>GARY M. VAYSBLAT & SHELLI KOGAN | Case No.: 16-22666<br><br>Chapter 7<br><br>Judge: Hon. Christine M. Gravelle |
| BARRY W. FROST, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br>v.<br><br>GARY M. VAYSBLAT AND SHELLI KOGAN<br><br>        Defendants. | Adv. Pro. No.: |

**COMPLAINT TO DETERMINE AND TO OBJECT TO DEBTORS' DISCHARGE**

Barry W. Frost, the Chapter 7 Trustee (the "Plaintiff" or the "Trustee"), by and through his undersigned counsel, Law Firm of Brian W. Hofmeister, LLC, by way of a Compliant against Gary M. Vaysblat and Shelli Kogan, the Chapter 7 Debtors (collectively, the "Defendants" or the "Debtors"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b), 28 U.S.C. §157(a) and (b)(1).

1

2. Venue is properly fixed in this Court pursuant to 28 U.S.C. §1409.

3. This is a core proceeding that may be heard and determined by a bankruptcy judge pursuant to 28 U.S.C. §157(b)(2)(A), (B), (I), and (J).

4. This is an adversary proceeding to object to the Defendants' discharge pursuant to 11 U.S.C. §727.

## PARTIES

5. The Defendants are the debtors in the within Chapter 7 proceeding, with an address at 2 Russell Road, Freehold, New Jersey 07728.

6. The Plaintiff is the appointed Chapter 7 Trustee in the Defendants' Chapter 7 proceeding.

## BACKGROUND

A. **Procedural Background**

7. On June 30, 2016 (the "Petition Date"), the Debtors filed their voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey.

8. On July 1, 2016, the Trustee was appointed, has duly qualified and is acting in that capacity.

9. The Debtors' 341(a) Meeting of Creditors (the "341 Hearing") was scheduled and was conducted on July 28, 2016.

10. On August 25, 2016, the Court entered an Order granting the Trustee's application to retain Law Firm of Brian W. Hofmeister, LLC to serve as counsel to the Trustee.

11. On October 5, 2016, the Court entered an Order granting the Trustee's application

to retain Speed Financial Services as accountants for the Trustee.

12. By Consent Order entered February 24, 2017, the Debtors and the Trustee agreed to extend the time for which the Trustee and/or the United States Trustee can, inter alia, object to the Debtors' discharge (Docket No. 42).

### B. Relevant Factual Background

13. The Debtors appear to have failed to provide information as to possible assets, liabilities and financial background.

**(1) The Debtors' Failure to Disclose the Tax Refund and Failure to Cooperate with the Trustee.**

14. Among other items, the Debtors checked "None" to Question No. 28 (captioned "Tax refunds owed to you") on their Schedules A/B and otherwise failed to disclose and list a certain tax refund owed and payable to the Debtors.

15. The answer to Question 28 on the Debtors' Schedules A/B was false.

16. At the 341 Hearing, the Debtors testified that they were due a refund of $24,133 (the "Tax Refund"), but that the Tax Refund would be applied to their income tax liability due in subsequent tax years.

17. Having learned of the Tax Refund for the first time during the 341 Hearing, the Trustee requested that the Tax Refund be turned over immediately and paid directly to the Trustee. A true and correct copy of the email transmission dated February 8, 2017 is attached hereto as **Exhibit "A"**.

18. As the payment of the Tax Refund to the Trustee was not forthcoming, the Trustee made subsequent demands upon the Debtors to have that Tax Refund turned over immediately to the Trustee.

19. The Debtors failed to comply with the Trustee's request. Worse, it was recently discovered that the Debtors arranged to have the Tax Refund paid directly to them, without advising the Trustee.

20. Specifically, the Trustee learned from the Internal Revenue Service (the "IRS") that the Debtors arranged to have the Tax Refund (which appears to be $19,941) deposited directly into their bank account on or about March 15, 2017. A true and correct copy of a screen shot from the IRS' website evidencing the direct deposit of the Tax Refund into the Debtors' bank account is attached hereto as **Exhibit "B"**.

21. Thus, despite the Trustee's multiple demands that the Tax Refund be paid directly to the Trustee, the Debtors not only failed to have the Tax Refund paid over to the Trustee, but also failed to advise the Trustee that they arranged for and received the Tax Refund directly from the IRS. Indeed, the Trustee only learned of the Tax Refund payment by the Trustee independently contacting the IRS and by independently accessing the IRS' website.

**(2)    The Debtors' Failure to Disclose Certain Preferential Payments and Transfers and Certain Other Income**.

22. The Debtors checked the box "None" to Question No. 18 on the Statement of Financial Affairs (the "SOFA").

23. Question 18 of the SOFA asks:

**Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as granting of a security interest or mortgage on your property).***

24. Among other transfers, the Debtors failed to list a granting of a mortgage securing a certain parcel of real property located at 5131 Oakhill Drive, Lewinston, New

York 14092 (the "New York Property").

25. Specifically, on March 17, 2016, the Debtors signed a mortgage agreement with Laser Cosmetic LLC, which granted a second position mortgage on the New York Property in the amount of $160,000 (the "Mortgage"). The Mortgage was recorded on March 31, 2016.

26. This Mortgage was not listed on the SOFA at Question No. 18.

27. Further, it was also recently discovered that the Debtors sold certain real property located at 51 Metro Vista Drive, Hawthorne, New Jersey (the "Hawthorne Property") on or about February 5, 2015. According to the HUD statement in connection with the sale of the Hawthorne Property, the Hawthorn Property sold for approximately $77,463.70.

28. The transfer of the Hawthorne Property was not listed on the SOFA at Question No. 18.

29. The Debtors also failed to list the Hawthorne Property in connection with Question 2 of the SOFA, which asks whether the Debtors lived anywhere else within the last three (3) years preceding the Petition Date.

30. The Debtors also checked the box "None" to Question No. 5 on the SOFA.

31. Question 5 of the SOFA asks:

**Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether the income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings.

32. In fact, on or about May 12, 2016, the Debtors settled a certain lawsuit in

5

which they received approximately $25,000, which was deposited in a bank account which the Debtors opened at TD Bank during May and June 2016 (the "Settlement Proceeds").

33. The Settlement Proceeds were not listed on the SOFA at Question No. 5.

**(3) The Debtors' Incurred Substantial Credit Card Charges Within One Year of the Petition Date**.

34. On the Debtors' SOFA, the Debtors listed gross business income of $114,483 and rental income of $30,000 for the year ended December 31, 2014; gross business income of $75,939 and rental income of $30,000 for the year ended December 31, 2015; and gross business income of $24,000 and rental income of $15,000 from January 1, 2016 through the Petition Date.

35. Further, the Debtors reported zero ("0") income on their Schedule I.

36. On the Debtors' Schedule F, the Debtors scheduled unsecured debt totaling $667,445, with nine credit cards having been opened after 2015 totaling over $123,000.

COUNT I

BAR DISCHARGE
(11 U.S.C. §727(a)(2)(B))

37. Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

38. Pursuant to section 727(a)(2)(B) of the Bankruptcy Code, a debtor should be denied a discharge when, after the date of the filing of the petition, he/she transfers, removes, destroys, conceals, or mutilates his/her property with the intent to hinder, delay, or defraud a creditor or an officer of the estate.

39. The Defendants concealed the existence of the Tax Refund on their bankruptcy schedules, and, after being directed to turn said Tax Refund to the Trustee,

surreptitiously arranged to have the Tax Refund paid directly to the Debtors.

40. The Debtors also concealed the Mortgage and the transfer of the Hawthorne Property from the Trustee and to their creditors.

41. Accordingly, the Defendants' discharge should be denied under section 727(a)(2)(B) of the Bankruptcy Code. Pursuant to section 727(c)(1) of the Bankruptcy Code, the Trustee may object to the granting of a discharge under section 727(a) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a. For an order denying the Defendants' discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code; and

b. For such other and further relief as his Court deems just, proper, and equitable.

## COUNT II

### BAR DISCHARGE
### (11 U.S.C. §727(a)(3))

42. Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

43. Pursuant to section 727(a)(3) of the Bankruptcy Code, a debtor should be denied a discharge if he/she conceals, destroys, mutilates, falsifies, or fails to keep any recorded information from which the debtor's financial condition or business transactions may be ascertained.

44. The Defendants have failed to cooperate with the Trustee and otherwise failed to comply with the Trustee's repeated requests with respect to the Tax Refund;

7

failed to disclose and provide the financial records requested by the Trustee, failed to provide a reasonable explanation for failing to properly disclose certain property and, upon information and belief, has intentionally concealed, falsified and/or failed to keep information from which the Debtors' financial condition and/or business transactions may be ascertained.

45. Accordingly, the Defendants should be denied a discharge pursuant to 727(a)(3) of the Bankruptcy Code. Pursuant to section 727(c)(1) of the Bankruptcy Code, the Trustee may object to the granting of a discharge under section 727(a) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a. For an order denying the Defendants' discharge pursuant to section 727(a)(3) of the Bankruptcy Code; and

b. For such other and further relief as his Court deems just, proper, and equitable.

## COUNT III

### BAR DISCHARGE
### (11 U.S.C. §727(a)(4))

46. Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

47. Pursuant to section 727(a)(4) of the Bankruptcy Code, a debtor may be denied a discharge if he/she knowingly and fraudulently, in or connection with the case–

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or promise of money, property, or advantage, for acting for forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

48. The Defendants filed initial bankruptcy schedules on June 30, 2016, which were filed under oath under penalty of perjury.

49. Those schedules were false.

50. Among other issues, the Defendants failed to include information pertaining to the Tax Refund, the Mortgage and the transfer of the Hawthorne Property.

51. These oaths were false and were made knowingly and fraudulently.

52. Hence, the Defendants should be denied a discharge pursuant to section 727(a)(4) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a. For an order denying the Defendants' discharge pursuant to section 727(a)(4) of the Bankruptcy Code; and

b. For such other and further relief as his Court deems just, proper, and equitable.

## COUNT IV

### BAR DISCHARGE
### (11 U.S.C. §727)

53. Plaintiff repeats and re-alleges the allegations set forth above as though set

forth fully herein.

54. The Debtors opened credit card accounts in 2015 and incurred more than $123,000 in credit card charges after 2015, approximately one (1) year before the Petition Date.

55. Based on the Debtors' Schedules and SOFA, the Debtors gross income in 2015 was approximately $105,000.

56. By reason of the foregoing, the Trustee believes the Debtors have either knowingly or fraudulently withheld necessary information relating to the Debtors' financial affairs or the Debtors have failed to maintain adequate books and records with regard to their business or have intentionally and fraudulently incurred excessive debt with no reasonable expectation of satisfying said obligation in violation of section 727 of the Bankruptcy Code.

57. Hence, the Defendants should be denied a discharge pursuant to section 727 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a. For an order denying the Defendants' discharge pursuant to section 727 of the Bankruptcy Code; and

b. For such other and further relief as his Court deems just, proper, and equitable.

## COUNT V

### REQUEST FOR ATTORNEYS' FEES

58. Plaintiff repeats and re-alleges the allegations set forth above as though set

forth fully herein.

59. The Plaintiff has incurred significant legal expenses in order to pursue the claims against the Defendants.

60. The Plaintiff is entitled to recover reasonable attorneys' fees, pursuant to Fed. R. Bankr. P. 7008 and 7054.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendants, as follows:

a. For an Order allowing the Trustee to seek reasonable compensation for attorneys' fees incurred in pursuing the within relief, pursuant to Fed. R. Bankr. P. 7008 and 7054; and

b. For damages, together with interest, and costs of suit; and

c. For such other relief that this Court deems just, proper, and equitable.

## COUNT VI

### RESERVATION OF RIGHTS

61. Plaintiff repeats and re-alleges the allegations set forth above as though set forth fully herein.

62. The Trustee hereby expressly reserves his rights to: (i) commence any and all other causes of action that he may maintain on behalf of the estate against the Defendant, by amending this Complaint or by separate action; (ii) amend this Complaint and; (iii) assert any available objections to any claims that the Defendants may have against the estate.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendants, as follows:

a. granting the relief as more fully set forth herein; and

b. granting such other relief that this Court deems just, proper, and equitable.

                              LAW FIRM OF BRIAN W. HOFMEISTER, LLC
                              Attorneys for Barry W. Frost, Chapter 7 Trustee


By:   */s/ Brian W. Hofmeister*
        Brian W. Hofmeister

Dated: April 25, 2017